**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 20 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50406 |
| Plaintiff - Appellee, | D.C. No. 3:15-cr-01336-BEN |
| v. | |
| ERMINIO HERNANDEZ-RAUDA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted June 14, 2016[**]

Before:      BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Erminio Hernandez-Rauda appeals from the district court's judgment and

challenges the 18-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C.

§ 1326(a).   We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

Hernandez-Rauda contends that the district court procedurally erred by failing to consider his mitigating arguments and the 18 U.S.C. § 3553(a) sentencing factors. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered Hernandez-Rauda's arguments and the applicable section 3553(a) factors, and sufficiently explained the sentence. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc).

Hernandez-Rauda next contends that the sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Hernandez-Rauda's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the section 3553(a) factors and the totality of the circumstances, including Hernandez-Rauda's immigration history and the need for deterrence. *See Gall*, 552 U.S. at 51; *see also United States v. Burgos-Ortega*, 777 F.3d 1047, 1056-57 (9th Cir.), *cert. denied*, 135 S. Ct. 2848 (2015) (district court "reasonably concluded" that the need for deterrence outweighed the mitigating factors and "required a sentence at least equal to [the defendant's] last illegal re-entry sentence").

**AFFIRMED.**